HIRSCH, APPELLANT, *v.* BOARD OF BUILDING STANDARDS, APPELLEE.

[Cite as Hirsch v. Board of Building Standards (1970), 23 Ohio Misc. 335.]

(No. 880813—Decided July 20, 1970.)

APPEAL: Common Pleas Court of Cuyahoga County.

*Mr. Milton Schulman,* for appellant.
*Mr. Clarence L. James, Jr.,* director of law, and *Mr. Robert I. Zashin,* for appellee.

WINTER, J. (of Medina County sitting by assignment)
This cause is before the court on appeal from a final order
of the Board of Building Standards and Building Appeals
of the City of Cleveland, Ohio.

The transcript of the proceedings before the board
contains the record of two hearings, May 26, 1969, and
June 9, 1969, at which times neither the appellant nor his
counsel, Mr. Milton Schulman, were present. At the June
9, 1969, hearing the board affirmed the order of the Com-
missioner of the Division of Housing requiring the appel-
lant, Sam Hirsch, to comply with the Codified Ordinances
of the City of Cleveland in nine specific respects. The ap-
peal to the board was based on the alleged fact that the
commissioner's order was arbitrary, capricious, discrim-
inatory, unreasonable and had no basis in law or fact.

No evidence was offered during the proceedings be-
fore this court by either of the parties. Accordingly, as pro-
vided in R. C. Chapter 2506, this matter is for considera-
tion on the transcript of the proceedings before the board
and upon the motion of the appellant for a directed verdict
by reason of the fact that no evidence was adduced before
the board to establish the fact that any alleged violations
on the part of the property-owner-appellant Hirsch exist.

The form entitled "Appeal From Administration
Decision," filed with the Board of Building Standards and
Building Appeals, dated January 31, 1969, denotes the ap-
pellant to be "Milt Schulman" and the form is signed
by him. The evidence does not disclose that a letter of
authorization was filed by the owner of record, Hirsch,
granting authority to Mr. Schulman to make the appeal
pursuant to rule of the board No. 54.

Examination of the transcript reveals that the May
26, 1969, hearing consisted of a statement by the chairman
that the matter would be scheduled for open hearing one
week from date and an exterior visual inspection would be
made by a member of the board and a staff member.

The next hearing, held June 9, 1969, was attended by
the board members and Mr. Gill of the Division of Hous-
ing; the appellant did not enter an appearance. At the

hearing the secretary of the board read a letter from Mr. Schulman, dated June 6, 1969, and reported a telephone call from Mr. Schulman, which advised the board that he would be unable to attend because of a hearing in Room 1 of the Common Pleas Court. Thereafter, without further proceeding, the board affirmed the order of the Commissioner of the Division of Housing.

The question for consideration, raised by appellant's motion, is: Was the appellant afforded an opportunity to be heard such as is contemplated by the constitutional requirement of due process of law?

While the right to a fair and open hearing is one of the rudiments of fair play assured to every litigant by the Fourteenth Amendment as a minimal requirement of a full hearing (1 Ohio Jurisprudence 2d 505, Section 110), it must also be remembered that the rules of fair play should be observed by *all* the parties involved in the litigation. In the instant case the board was entitled to be apprised of the appellant's request for a continuance of the hearing at a reasonable time prior to the hearing date.

As Judge McMonagle stated in his very scholarly opinion in the case of *Levitt* v. *Cleveland,* 22 Ohio Misc. 54, decided February 18, 1970, wherein the court said:

"Refusal of an administrative agency to grant a continuance of a hearing on the grounds of alleged conflict with an appearance of an attorney in a court is not an abuse of discretion where it is not shown that there was a direct conflict in the time of the appearance."

Examination of the transcript in the case at bar reveals that Mr. Shulman's letter was dated June 6, 1969. Since this was Friday, it may be assumed that the letter was not delivered until Monday morning, June 9, 1969, the date of the second hearing. Mr. Schulman, as the various transcripts of hearings before the board indicate, is no stranger to the board or to its rules of procedure. From the date of the first hearing, namely May 26, 1969, to the date of the second hearing, June 9, 1969, ample time was available to arrange for continuance in the event of conflict. Accordingly, in the opinion of this court, notice of in-

ability to attend the Monday, June 9, 1969, hearing of the Board of Building Standards and Building Appeals, given by letter dated Friday, June 6, 1969, is not such a reasonable time. Appellant's motion for a directed verdict is hereby overruled.

Further, according to the transcript, no evidence was adduced to indicate that a letter of authorization was presented as provided by rule of the board No. 54.

As pointed out by this court in the case of *Rosenberg* v. *City of Cleveland*, rule of the board No. 54 is a reasonable and proper requirement and is of ministerial and administrative character as related to the operation and procedures of the board.

Accordingly, the order of the Board of Building Standards and Appeals is hereby affirmed and motion of appellee taxing costs of the transcript herein pursuant to R. C. 2506.02, is hereby granted.

*Order affirmed.*